■ BURTON HANDELSMAN, Appellant, v. NEW YORK ASSOCIATES, INC., et al., Respondents.— Order entered November 26, 1968, unanimously modified, on the law, to the extent of deleting the provisions thereof providing for a dismissal of the complaint insofar as it seeks relief of specific performance against the defendant New York Associates, Inc.; to provide that defendants' motion is denied insofar as it seeks dismissal of the complaint as against said defendant and a cancellation of the *lis pendens*; to provide that plaintiff may apply at Special Term for leave to serve an amended complaint alleging a cause of action as against the individual defendants; and order otherwise affirmed with costs and disbursements to plaintiff-appellant. The exculpatory clause in the option agreement will not have the effect of precluding the plaintiff from the right to the relief of specific performance if it is established that the corporate defendant's failure to perform is due to its repudiation of the contract and its unwillingness to perform rather than its good faith inability to perform. (*Mokar Props. Corp. v. Hall,* 6 A D 2d 536; see, also, *Langfan* v. *Walzer,* 13 N Y 2d 171; *Rubinstein* v. *Rubinstein,* 23 N Y 2d 293.) The complaint, however, fails to set forth the transactions or occurrences which would furnish the material elements of any cause of action against the defendant stockholders of the corporate defendant. If the plaintiff has a cause of action against them, he has failed to plead it. (See CPLR 3013; *Foley* v. *D'Agostino,* 21 A D 2d 60.) The plaintiff may, however, apply at Special Term for leave to file an amended complaint as against the individual defendants, such application to be supported by a proper showing of the

existence of a cause of action against such defendant. (See *Cushman & Wakefield* v. *John David, Inc.,* 25 A D 2d 133, 135; *Morrison* v. *Filmways, Inc.,* 25 A D 2d 837; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.40.) Concur — Eager, J. P., Capozzoli, Nunez and Steuer, JJ.